## EDMONSON *v.* STATE.

Opinion delivered July 2, 1904.

EVIDENCE—CONFESSIONS.—Confessions of persons accused of crime, procured by means of hanging them and threatening their lives unless they would confess, are incompetent.

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

*McMillan & McMillan,* for appellants.

If the confession is fairly traceable to the prohibited influence, the trial judge should exclude it. 50 Ark. 307; 66 Ark. 506; 70 Ark. 24. Evidence upon which confessions were admitted will be reviewed. 22 Ark. 336; 69 Ark. 506; 70 Ark. 24. The confession should have been excluded. 66 Ark. 64; 69 Ark. 599.

The testimony taken in the examining court should have been excluded. Sand. & H. Dig. § 2230. Subsequent confessions, even though a plea of guilty, are not admissible against any one except the one making them. 45 Ark. 132, 328; 1 Greenl. Ev. § § 233, 299. It was error to read the depositions of all defendants taken in the examining court. 66 Ark. 60; 2 Ark. 249; 8 Ark. 307; 20 Ark. 106. The burden is on the state to prove the venue. 68 Ark. 462; 25 Ark. 435; 8 Ark. 451; 16 Ark. 499; 56 Ark. 244; 13 Ark. 110; 70 Ark. .387; 67 Ark. 512.

*George W. Murphy, Attorney General,* for appellee.

Confession of error.

HUGHES, J. There is no evidence to support the verdict of the jury in this case, save the confession of the defendants that they were guilty as charged of burning the barn, which confession was caused to be made by hanging the defendants and threatening their lives unless they would confess. This evidence, thus obtained, was incompetent, and should not have been allowed, For want of evidence the judgment is reversed, the confession of error by the attorney general is sustained, and the cause is remanded for a new trial.